**The People of the State of Illinois ex rel. O. P. Decker et al., Appellees, v. City of Park Ridge et al., Appellants.**

**Gen. No. 37,162.**

Opinion filed May 2, 1934. Rehearing denied May 16, 1934.

HENRY L. BLIM, for appellants.

SAMUEL A. & LEONARD B. ETTELSON, for appellees; EDWARD C. HIGGINS and HERBERT A. SALZMAN, of counsel.

MR. JUSTICE WILSON delivered the opinion of the court.

The relators, Decker and others, filed their petition for mandamus to compel the defendants, City of Park Ridge, Wm. A. McKee, as mayor, Arnold H. Hediger, as city treasurer, and Ian Glass, city clerk, to pay to them as the holders of certain improvement bonds and interest coupons, the money due which it is charged has been collected and is now in the hands of the defendants. General and special demurrers were filed

by the defendants to this petition and overruled and the defendants having elected to stand by their demurrers, judgment that the writ of mandamus issue was entered from which judgment this appeal has been perfected.

The relators, Decker, Ederheimer, Gatzert, Kuppenheimer, Leopold and Nast charge in their petition that they constitute a committee for the protection of the holders of certain six per cent local improvement bonds of the City of Park Ridge, issued to anticipate the collection of special assessment No. 268 of the City of Park Ridge; that they held said bonds which have been deposited with the Straus National Bank & Trust Company of Chicago, as depositary, under and by virtue of a certain written instrument, a copy of which is attached to and made a part of the petition. This written agreement between the bondholders is entitled "Bondholders' Agreement" and provides that, whereas said obligations are owned by different holders and the interest on said bonds is now in default and difficulties have arisen in the collection of assessments for the purpose of paying said bonds, therefore, it is agreed among the bondholders depositing their obligations under this agreement that the bondholders' committee consisting of relators shall have full power to conduct negotiations looking toward the settlement or collection of said obligations and shall be vested as trustees with full legal title to all the obligations deposited under this agreement with power in its own name to take or cause to be taken steps or proceedings necessary to enforce the rights of the depositing bondholders and to that end is empowered to institute, maintain and prosecute any and all proceedings at law and in equity.

The petition charges that under and by virtue of said agreement there has been deposited with the Straus National Bank & Trust Company of Chicago, now known as the American National Bank & Trust

Company of Chicago, as depositary, certain improvement bonds, as follows:

"Improvement Bond No. D-32, City of Park Ridge, Series A-2, in the amount of $500;

"Improvement Bond No. M-95, City of Park Ridge, Series A-2, in the amount of $1,000;

"Improvement Bond No. M-94, City of Park Ridge, Series A-2, in the amount of $1,000."

The petition further charges that certain interest coupons are also due and unpaid; charges that these improvement bonds were issued to anticipate the collection of a part of the second instalment of special assessment No. 268, levied for the purpose of paving Sibley street and other streets in the City of Park Ridge; charges that the interest coupons were issued for the payment of interest on said improvement bonds. Said petition sets out in *haec verba* the bonds in question, from which it appears that said bonds and the interest are payable out of the instalments when collected.

The petition further charges that said improvement bonds and interest coupons are signed in the name of The City of Park Ridge, by Robert E. McLain, mayor, and attested by William J. Becker, city clerk; charges that the City of Park Ridge is a municipal corporation organized and existing under the laws of the State of Illinois; charges that said bonds were payable to bearer on the 15th day of December, 1931; charges that the paving of Sibley street and other streets in the City of Park Ridge has been completed pursuant to and under the aforesaid proceedings; charges that according to the terms and provisions of said improvement bonds the principal became and was due and payable to bearer on the 15th of December at the office of the treasurer of said city of Park Ridge; charges that the relators are the holders of certain bonds and setting them out and describing them in

detail; charges that the relators are informed and believe and so state the fact to be that the City of Park Ridge, Wm. A. McKee, mayor, Arnold H. Hediger, city treasurer, and Ian Glass, city clerk, or any of them have collected some or all of that part of the second instalment of special assessment No. 268 of said City of Park Ridge to anticipate the collection of which the improvement bonds and interest coupons were issued by said city; charges that the said defendants have also collected that part of the third instalment of special assessment No. 268 of said City of Park Ridge to anticipate the collection of which certain other bonds (enumerated) were issued by said city; charges that the money collected by said defendant was received and is now held by said defendants as a special fund for the payment of said improvement bonds and that it became and now is the duty of said defendants and each of them to make payment of the amounts designated at the office of the treasurer of the City of Park Ridge and to pay relators for said improvement bonds and interest coupons upon presentation thereof to said defendants at said office of said treasurer; charges that demand has been made and that the defendants and each of them have refused to comply with the demand and pay said bonds and interest coupons; prays that a writ of mandamus issue directed to the said defendants commanding them and each of them to pay the amount designated and set up in the petition upon the presentation of the bonds.

Defendants contend, (1) that the committee as such has no right to maintain the action; (2) that the allegations of the petition are not sufficiently definite upon which to base a liability which would require a response to the petition; (3) that the amount due petitioners could only be ascertained by an accounting and that mandamus is not a proper action; and (4) that the petition does not sufficiently describe with accuracy

the liability of the different persons named as defendants.

We see no force in the first position taken by the defendants, namely, that the committee is not a proper entity which is entitled to maintain the action. Under the written agreement the committee was vested with the title to the bonds with full power and authority to act in the collection of the amount due as shown by the obligations. The petition for the writ asks that they be paid upon presentation and the defendants were amply protected under the written agreement in paying the obligations, accepting, and canceling them. Upon a hearing the allegation of the petition that the committee is empowered to act, would, necessarily, have to be proven and the holders of the bonds and interest coupons would be estopped from afterwards denying the power of the committee. We see no reason why a number of bondholders, for the purpose of saving expense and expediting collection, could not appoint an individual or a committee, with full power to act. The case of *People v. Peoples Stock Yards State Bank*, 344 Ill. 462, cited by defendants, in our opinion is not germane to the question.

We see no force in the second position taken by the defendants in that the petition is indefinite. It is not tested upon answer but upon demurrer, and the allegations set forth are admitted to be true. It alleges the ownership and possession of the bonds, the power to act, the collection of the funds by the city through its properly constituted officers and demand for payment and its refusal.

Answering the third objection it is apparent from a reading of the petition that the charges directly made were that the defendants have collected the money and have in their possession sufficient funds to pay the particular bonds set out in the petition together with the interest coupons. It is true that the petition charges

that they have collected "some or all of that part of the second installment of special assessment No. 268." It is not incumbent upon petitioners to wait until the entire amount is collected, but they should be entitled to be paid pro rata that part of the indebtedness collected which is represented by the bonds and interest coupons held by the petitioners. *Rothschild v. Village of Calumet Park,* 350 Ill. 330.

It is true that so far as the fourth contention of the defendants is concerned that there may be a presumption that the mayor and city clerk have nothing to do with the money after collection. The money is or should be, if collected, in the hands of the city treasurer. By their demurrers, however, these defendants have admitted the charge in the petition. By answer they could have purged themselves of any responsibility and been dismissed out of the proceeding. Having failed to answer, however, it may be as charged in the petition that these particular defendants, namely, the mayor and city clerk, may have some active duty in connection with the distribution of the funds which might be necessary to complete relief. The City of Park Ridge acts through its officers and they have been made parties defendant. No harm can be done by including them as parties defendant to the petition.

We see no reason for disturbing the order of the circuit court overruling the demurrers and entering judgment upon refusal to answer.

For the reasons stated in this opinion the judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*

HALL, P. J., and HEBEL, J., concur.